UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER SANCHEZ, <br><br> Plaintiff, <br><br> *vs.* <br><br> CLAENE GROUP, LLC; JOSHUA WILL; KATHARINE HASTIE; CHRISTOPHER WEESNER; and DOES 1-10, <br><br> Defendants. | Civil Action No. 5:18-cv-1175 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff CHRISTOPHER SANCHEZ files this, his Original Complaint against Defendants CLAENE GROUP, LLC, JOSHUA WILL, KATHARINE HASTIE, and CHRISTOPHER WEESNER as follows:

**I.  SUMMARY OF THE CASE**

1. This is an action to recover monetary damages and injunctive relief, as well as all other appropriate relief, as a result of illegal actions taken by Defendants CLAENE GROUP, LLC, JOSHUA WILL, KATHARINE HASTIE, and CHRISTOPHER WEESNER (collectively, "CLAENE" or "Defendants"). CLAENE breached by making false and fraudulent representations and otherwise its agreement with Plaintiff regarding his membership in CLAENE GROUP, LLC.

2. CLAENE, prior to its breach, regularly transacted business in Texas and within this district. Just prior to its breach, and from the District of South Carolina, CLAENE breached its contract with Plaintiff in the way described above. Accordingly, the statute of limitations under

Texas law on these claims did not until recently accrue.

3. In making false, defamatory, and malicious statements about Plaintiff to others, including potential employees, constitutes a continuing tort (fraud, defamation, and intentional interference).

## II. CAUSES OF ACTION

### First Cause of Action

### A. Breach of Contract

4. Plaintiff incorporates its factual allegations contained in this Petition.

5. Alternately, Defendant breached Defendant's contract with Plaintiff. Defendant's contract breach proximately caused Plaintiff's damages.

### Second Cause of Action

### B. Quantum Meruit

6. Plaintiff incorporates its factual allegations contained in this Petition.

### Third Cause of Action

### C. Libel & Slander

7. All previous allegations are incorporated herein by reference.

8. Mr. Sanchez is a private individual and is neither a public official nor a public figure for any purpose.

9. Defendants are all non-media defendants.

10. The foregoing statements made and published by Defendants were statements of fact that were false, both in their particular details and in the main point, essence, or gist in the context by which they were made.

11. The foregoing statements made and published by Defendants directly and/or

indirectly referred to Mr. Sanchez.

12. The foregoing statements made and published by Defendants were libelous per se because they injured Mr. Sanchez's reputation and have exposed Mr. Sanchez to public hatred, contempt, or ridicule, and/or financial injury.

13. The foregoing statements made and published by Defendants were libelous per se and slanderous per se because they impeach Mr. Sanchez's honesty, integrity, virtue, and/or reputation.

14. The foregoing statements made and published by Defendants were libelous per se and slanderous per se because they injured Mr. Sanchez in his office, profession, and/or occupation.

15. In the alternative, the foregoing statements made and published by Defendants were libelous per se and slanderous through innuendo and/or implication.

16. Defendants are strictly liable for the damages caused by the libel and/or slander.

17. Alternatively, Defendants knew the foregoing defamatory statements were false or were reckless with regard to whether the statements of fact were false.

18. Alternatively, Defendants knew or should have known the defamatory statements were false.

19. Mr. Sanchez is entitled to recover nominal damages, general damages, special damages, and/or exemplary damages.

## Fourth Cause of Action

### D. Tortious Interference with Existing Contract

20. All previous allegations are incorporated herein by reference.

21. Mr. Sanchez had a valid contract and Defendants knew of the contract and/or had

knowledge of the facts and circumstances that would lead Defendants to believe Mr. Sanchez had a valid contract.

22. Defendants' tortious conduct willfully and internationally interfered with the contract.

23. Defendants tortious conduct proximately caused Mr. Sanchez's injury.

24. Mr. Sanchez suffered actual damages and/or loss due to Defendants' tortious interference.

**Fifth Cause of Action**

**E.  Aiding and Abetting**

25. All previous allegations are incorporated herein for reference.

26. Each Defendant has committed the foregoing torts of libel, slander, and/or tortious interference with an existing contract. Each Defendant had knowledge that each co-Defendant's conduct constituted libel, slander, and/or tortious interference with an existing contract. Each Defendant intended to assist, and did actually assist and/or encourage each co-Defendant in committing the libel, slander, and/or tortious interference with an existing contract.

**III.  CONDITIONS PRECEDENT**

27. All conditions precedent to Plaintiff's claims against the Defendants have occurred, been performed, satisfied, or otherwise fulfilled.

**VI.  ATTORNEYS'S FEES**

28. Under Texas law Plaintiff is entitled to recover its reasonable and necessary attorney fees in its prosecution of the case. Plaintiff retained counsel, who has presented Plaintiff's demand to Defendant. Defendant has not tendered the amount owed within 30 days of when the claim was presented. Plaintiff submits to the Court that the following amounts of attorney's fees

represent reasonable payment for performance of the following services:

    (a)    The sum of $1,750.00 for the preparation and presentment of this Petition; and

    (b)    The additional sum of $7,500.00 for the conduct of discovery in this case, including the taking of depositions; and

    (c)    The additional sum of $2,500.00 for the cost of attending mediation or similar ADR proceedings; and

    (d)    The additional sum of $10,000.00 for handling a bench trial of this case; and

    (e)    The additional sum of $15,000.00 for handling a jury trial of this case; and

    (f)    The additional sum of $15,000.00 for appellate work in the event of an appeal to the appropriate court of appeals after judgment; and

    (g)    The additional sum of $15,000.00 for appellate work in the event of a further appeal to the Texas Supreme Court.

## V.  PUNITIVE DAMAGES

29.    Some of Plaintiff's claims allow for the award of punitive/exemplary damages. Defendants' actions were willful, wanton and reckless. Plaintiff requests that punitive damages be awarded against Defendants.

## VI.  DAMAGES

30.    Plaintiff seeks the recovery of:

    (a)    all of his general, actual, special, and consequential damages;

    (b)    costs of court;

    (c)    attorneys' fees as provided by law;

      (d)     pre- and post-judgment interest as allowed by law; and

      (e)     punitive damages as may be determined by the finder of fact.

## VII. REQUEST FOR JURY TRIAL

31.     In accordance with Fed. R. Civ. P. 38, Plaintiff requests a trial by jury on all issues.

## VIII. PRAYER

32.     Plaintiff respectfully requests that the Court enter judgment awarding Plaintiff actual and punitive damages for Defendants' wrongful acts, as well as such other and further relief at law or in equity as the Court deems proper.

Dated: November 8, 2018

                        *s/ Andrew T. Thomasson*
                        Andrew T. Thomasson, Esq.
                          NJ Bar No. 048362011
                        STERN•THOMASSON LLP
                        150 Morris Avenue, 2nd Floor
                        Springfield, NJ 07081-1315
                        Telephone: (973) 379-7500
                        Facsimile:  (973) 532-5868
                        E-Mail: andrew@sternthomasson.com

                        *Attorneys for Plaintiff, Christopher Sanchez*